# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALICIA HANNA, | ) | 1:10-cv-00745-AWI-JLT HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | GRANT PETITIONER'S MOTION TO |
| v. | ) | VOLUNTARILY DISMISS THE FIRST |
| | ) | AMENDED PETITION (Doc. 20) |
| | ) | |
| M. LATTIMORE, Warden, | ) | ORDER DIRECTING THAT OBJECTIONS BE |
| | ) | FILED WITHIN TWENTY DAYS |
| Respondent. | ) | |
| | ) | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 29, 2010, Petitioner filed her petition for writ of habeas corpus in this Court, challenging a 2009 decision of the Board of Parole Hearings that found her unsuitable for parole. (Doc. 1). On July 21, 2010, the Court ordered Respondent to file a response to the petition. (Doc. 11). On October 21, 2010, Respondent filed an answer to the merits of the petition. (Doc. 19). On November 10, 2010, Petitioner filed the instant motion to dismiss the petition as a "Notice of Voluntary Dismissal." (Doc. 20). In that motion, Petitioner notes that she has been found suitable for parole by the Board of Parole Hearings, which was the relief Petitioner sought in these proceedings.

**DISCUSSION**

Subject to other provisions of law, a Petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a). Otherwise, an action shall not be dismissed except "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. See Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2010); see also Stevedoring Svcs. Of America v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989)(stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced...or unfairly affected by dismissal.") "[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. Smith, 263 F.3d at 976. Rather, legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." See Smith, 263 F.3d at 976.

Here, Respondent had filed an answer before Petitioner filed her request for dismissal. No stipulation for dismissal has been filed in this case. See Fed. R. Civ. P. 41(a)(1). Accordingly, the motion to dismiss lies in the discretion of the Court, and the Court should grant Petitioner's motion unless Respondent will suffer legal prejudice thereby. Smith, 263 F.3d at 975. Certainly, Respondent has already expended considerable effort in this case by filing a voluminous Answer to the merits of the petition.

Nevertheless, the issue before the Court is legal prejudice to Respondent. To date, Respondent has not filed an opposition to Petitioner's motion to voluntarily dismiss the petition nor has Respondent in any way suggested that Respondent would be legally prejudiced should the Court grant the motion to dismiss the petition.

The gravamen of the petition was that Petitioner's federal constitutional rights had been violated by the Board of Parole Hearings' decision finding her unsuitable for parole. The only relief requested by Petitioner was vacating the Board of Parole's Hearings' denial of parole.

(Doc. 1, p. 26). That has now occurred based on the Board's own actions granting Petitioner parole. Nothing in the record suggests that anything further benefit could be obtained by either party by allowing the petition to proceed. Under these circumstances, the Court concludes that Respondent would not be legally prejudiced by the dismissal of this action, and therefore recommends that Petitioner's motion to dismiss be granted.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Petitioner's Motion to Dismiss the petition (Doc. 20), be GRANTED.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 19, 2010**                      **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE